UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SAUL ELBAUM,

    Plaintiff,

    v.

GOOGLE, INC.,

    Defendant.

Civil Action No. TDC-23-2398

**MEMORANDUM OPINION**

Plaintiff Saul Elbaum has filed a civil action in which he asserts a breach of contract claim against Defendant Google, Inc. ("Google") relating to its billing practices for its advertising service, Google AdWords, which allows customers like Elbaum to pay to display digital advertisements to an online audience. Google has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be DENIED as to the issues of collateral estoppel and venue and DENIED WITHOUT PREJUDICE as to the remaining arguments.

**BACKGROUND**

At some point prior to October 2016, Elbaum entered into an agreement with Google to run a digital advertisement through Google AdWords ("AdWords"), which ran from October 3, 2016 to February 7, 2017 and cost Elbaum a total of $8,500 in incremental $500 payments. Elbaum alleges that he was traveling during this time period and was unaware that he was being charged for the service on a recurring basis. He asserts that he would have canceled the advertisement had

he known it was running continuously, and that he became aware of the ongoing ad campaign only once his bank account no longer had sufficient funds to cover the continuing payments.

On May 17, 2017, Elbaum filed a civil action in the Superior Court of the District of Columbia ("the D.C. Superior Court"), *Elbaum v. Google, Inc.*, No. 2017 SC3 002336 (D.C. Super. Ct. Dec. 19, 2017) ("*Elbaum I*"), in which he sought reimbursement for the series of recurring $500 charges which he deemed improper because Google had not provided him with advanced notice of the charges.  On December 19, 2017, a magistrate judge of the D.C. Superior Court granted a motion to dismiss filed by Google on the basis that Elbaum "should be subjected to the venue to which he agreed" pursuant to a forum selection clause in AdWords's terms of service. *See Elbaum I*, No. 2017 SC3 002336 at 9, Mot. Dismiss Ex. A.1, ECF No. 13-3.  The applicable terms of service stated, in part, that "all claims arising out of or relating to" the AdWords advertising service "will be litigated exclusively in the federal or state courts of Santa Clara County, California." *Id.* at 5.  Elbaum filed a Motion for Judicial Review of this ruling, but the D.C. Superior Court concluded that he had asserted no legal grounds for finding that the ruling was erroneous or improper and thus denied the motion.

In February 2019, Elbaum filed a "nearly identical" complaint in the Circuit Court for Montgomery County, Maryland ("the Circuit Court"). *Elbaum v. Google, Inc.*, No. 920, 2020 WL 5362116, at *1 (Md. Ct. Spec. App. Sept. 8, 2020) ("*Elbaum II*").  On June 27, 2019, the Circuit Court dismissed the complaint under the doctrine of collateral estoppel because the D.C. Superior Court had already adjudicated the issue of "the enforceability of the forum selection clause and whether venue could lawfully be held outside of Santa Clara County, California." *Id.* at *2.  The Court of Special Appeals of Maryland, now known as the Appellate Court of Maryland ("the Maryland Appellate Court"), affirmed the decision on September 8, 2020. *Id.* at *3.  The Court of

Appeals of Maryland, now known as the Supreme Court of Maryland ("the Maryland Supreme Court"), denied Elbaum's petition for a writ of certiorari on January 29, 2021. *See Elbaum v. Google, Inc.*, 243 A.3d 1200 (Md. 2021).

In 2021, Elbaum again decided to utilize Google's advertising services and created a draft of an advertisement. According to Elbaum, Google proceeded to run his incomplete advertisement from August 24, 2021 to September 24, 2021 and repeatedly charged him without providing advanced notice, resulting in charges totaling $2,000. Elbaum filed a second suit in the Circuit Court with a "substantially identical" complaint to the one filed in 2019. *Elbaum v. Google, Inc.*, No. 1796, 2023 WL 3772688, at *1 (Md. Ct. Spec. App. June 1, 2023) ("*Elbaum III*"). The Circuit Court once again dismissed his complaint on the basis of collateral estoppel because Elbaum remained subject to AdWords's terms of service, which included the same forum selection clause. *Id.* Elbaum appealed to the Maryland Appellate Court, which affirmed the Circuit Court's ruling. *Id.* at *2. The Maryland Supreme Court denied Elbaum's petition for a writ of certiorari on August 15, 2023. *Elbaum v. Google, Inc.*, 300 A.3d 856 (Md. 2023).

On September 1, 2023, Elbaum filed the present case in which he alleges, in relation to both the 2017 and 2021 incidents at issue in *Elbaum I*, *Elbaum II*, and *Elbaum III*, that Google acted unlawfully by charging him for advertising services on a recurring basis without providing him with advanced notice of each charge. He seeks reimbursement for these charges in the amount of $10,500 and punitive damages in the amount of $1.21 billion. Although he acknowledges that the $8,500 dispute was "resolved in Google's favor," he asserts that the $8,500 amount should be awarded as part of the punitive damages. Compl. at 7, ECF No. 1.

## DISCUSSION

Google has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) in which it asserts that: (1) collateral estoppel bars Elbaum from relitigating the issue of venue; (2) Elbaum remains bound by the forum selection clause; (3) Elbaum waived his claims pursuant to AdWords's Terms of Service; (4) Elbaum fails to state a claim for breach of contract or of the implied covenant of good faith and fair dealing; and (5) Elbaum's $8,500 claim is time-barred.

### I. Legal Standards

On a motion to dismiss for improper venue pursuant to Rule 12(b)(3), there must be a *prima facie* showing that venue is proper in the district in which the case was filed. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010). The court may consider evidence outside the pleadings and is to view the facts in the light most favorable to the plaintiff. *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Ordinarily, in considering a Rule 12(b)(6) motion, courts consider only the complaint and any attached documents. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). Elbaum has attached to his Complaint the opinion of the Maryland Appellate Court in *Elbaum III*; an excerpt from a Google brief filed in *Elbaum I*; his bank account statements from 2020, which list the recurring charges from Google; and a printout from *The Wall Street Journal's* online Market Data database that purports to show Google's annual income for a five-year period. Courts are also permitted to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). The fact that a document is referenced in the complaint, or that the complaint contains quotes from the document, does not necessarily render it "integral" to the complaint, particularly where the plaintiff's claims are not based on statements in that document. *See Goines*, 822 F.3d at 166.

Courts may also consider facts and documents subject to judicial notice without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). "Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Id.* (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)). When considering a Rule 12(b)(6) motion based on *res judicata* or *collateral estoppel*, courts may "take judicial notice of facts from a prior judicial proceeding" when the assertion of preclusion as a defense "raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

5

Here, Google submitted as an exhibit to its Motion a declaration by Google's counsel that was filed in *Elbaum II*, which itself includes the following additional exhibits: the magistrate judge's opinion dismissing *Elbaum I*; the order by the D.C. Superior Court denying judicial review of *Elbaum I*; a declaration from an employee of Google's Ads & Commerce team; the AdWords Advertising Program terms of service ("the Terms"), dated February 21, 2013; and records which purport to show that Elbaum had entered into a business relationship with Google as a customer of AdWords. Google also submitted a second exhibit to its Motion consisting of a copy of the docket from *Elbaum I*.

Pursuant to the principles discussed above, the Court will take judicial notice of the submitted docket, orders, and opinions of the D.C. Superior Court and the Maryland courts in *Elbaum I*, *Elbaum II*, and *Elbaum III* for purposes of the argument based on collateral estoppel. Where the Complaint is fairly construed as alleging a breach of contract claim, the Court will also consider the Terms as integral to the Complaint and of undisputed authenticity. However, the Court will not consider the remaining documents for purposes of the arguments asserted under Rule 12(b)(6) because they are neither integral to the Complaint nor subject to judicial notice.

## II. Collateral Estoppel

Google primarily argues that the claims against it should be dismissed as barred by collateral estoppel because the D.C. Superior Court has determined that Elbaum is bound by the forum selection clause and that "the only proper venue is Santa Clara, California," and this decision has been "affirmed by the Maryland Appellate Court twice." Mot. Dismiss at 7-8, ECF No. 13-1.

The doctrine of collateral estoppel forecloses "the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair

opportunity to litigate." *Sedlack v. Braswell Serv. Group, Inc.*, 134 F.3d 219, 224 (4th Cir.1998) (quoting *Ramsay v. U.S. Immig. Naturalization Servs*, 14 F.3d 206, 210 (4th Cir.1994)). Under the law of either jurisdiction whose ruling is arguably preclusive, the doctrine requires that: (1) the issue was actually litigated and determined by a valid and final judgment on the merits; (2) the party against whom collateral estoppel is to be applied, or its privies, had a full and fair opportunity to litigate the issue; and (3) under the circumstances, the determination was essential to the judgment. *Franco v. Dist. of Columbia*, 3 A.3d 300, 304 (D.C. 2010); *see Cosby v. Dep't of Hum. Res.*, 42 A.3d 596, 602 (Md. 2012); *Cont'l Cas. Co. v. Anne Arundel Cmty. Coll.*, 867 F.2d 800, 802 (4th Cir. 1989) (in considering the issue of collateral estoppel, applying the rules of issue preclusion of the jurisdictions in which the prior judgments were entered).

For the doctrine to apply, "the previously resolved issue must be identical to the one presented in the current litigation; similarity between the issues is insufficient." *Dist. of Columbia v. Gould*, 852 A.2d 50, 56 (D.C. 2004); *see Cosby*, 42 A.3d at 602. Issues "are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4417 (3d ed. 2023)); *Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971). Collateral estoppel may still apply if there are only "[m]inor variations in the application of what is in essence the same legal standard," but not if the legal standards are "fundamentally different." *B & B Hardware, Inc.*, 575 U.S. at 154 (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 312 n.9 (2011)); *see also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4417 (3d ed. 2023) (stating that "clear distinctions of applicable law generate different issues free from preclusion").

Here, the legal standard applicable to the issue of whether Elbaum's claims should be dismissed based on improper venue as decided by the D.C. Superior Court in *Elbaum I*, and relied upon by the Maryland state courts in *Elbaum II* and *Elbaum III*, is not the same as the standard applicable in the present case. In *Elbaum I,* the D.C. Superior Court, applying District of Columbia law, dismissed *Elbaum I* on the grounds that the forum selection clause rendered venue improper. *Elbaum I*, No. 2017 SC3 002336, at 5. Specifically, it applied the standard set forth in *Forrest v. Verizon Comm'ns, Inc.*, 805 A.2d 1007 (D.C. 2002), under which a forum selection clause is "prima facie valid" and will "be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id.* at 1010. *Forrest*, in turn, borrowed this standard from the United States Supreme Court's ruling in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). *See Forrest*, 805 A.2d at 1010. Under *Forrest*, in considering whether enforcement of a forum selection clause is reasonable under the circumstances, a court considers "whether the existence of the clause was reasonably communicated to the plaintiff" and whether the plaintiff has demonstrated one of three reasons for finding enforcement unreasonable: (1) that agreement to the forum selection clause was "induced by fraud or overreaching"; (2) that "the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or of its day in court"; or (3) that "enforcement would contravene a strong public policy of the [forum] where the action is filed." *Id.* at 1010-12. If enforcement is not unreasonable, then dismissal is warranted. *Id.* at 1009. In *Elbaum I,* the D.C. Superior Court applied this analysis, concluded that Elbaum should be "subjected to the venue to which he agreed" in the forum selection clause, and dismissed the case. *Elbaum I*, No. 2017 SC3 002336 at 5-9.

The present case, however, was filed in federal court. Although Google argues that this Court should apply Maryland law to this issue, *see* Mot. Dismiss at 8, in federal court, even in a

...

Here, the legal standard applicable to the issue of whether Elbaum's claims should be dismissed based on improper venue as decided by the D.C. Superior Court in *Elbaum I*, and relied upon by the Maryland state courts in *Elbaum II* and *Elbaum III*, is not the same as the standard applicable in the present case. In *Elbaum I,* the D.C. Superior Court, applying District of Columbia law, dismissed *Elbaum I* on the grounds that the forum selection clause rendered venue improper. *Elbaum I*, No. 2017 SC3 002336, at 5. Specifically, it applied the standard set forth in *Forrest v. Verizon Comm'ns, Inc.*, 805 A.2d 1007 (D.C. 2002), under which a forum selection clause is "prima facie valid" and will "be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id.* at 1010. *Forrest*, in turn, borrowed this standard from the United States Supreme Court's ruling in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). *See Forrest*, 805 A.2d at 1010. Under *Forrest*, in considering whether enforcement of a forum selection clause is reasonable under the circumstances, a court considers "whether the existence of the clause was reasonably communicated to the plaintiff" and whether the plaintiff has demonstrated one of three reasons for finding enforcement unreasonable: (1) that agreement to the forum selection clause was "induced by fraud or overreaching"; (2) that "the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or of its day in court"; or (3) that "enforcement would contravene a strong public policy of the [forum] where the action is filed." *Id.* at 1010-12. If enforcement is not unreasonable, then dismissal is warranted. *Id.* at 1009. In *Elbaum I,* the D.C. Superior Court applied this analysis, concluded that Elbaum should be "subjected to the venue to which he agreed" in the forum selection clause, and dismissed the case. *Elbaum I*, No. 2017 SC3 002336 at 5-9.

The present case, however, was filed in federal court. Although Google argues that this Court should apply Maryland law to this issue, *see* Mot. Dismiss at 8, in federal court, even in a

case brought pursuant to diversity jurisdiction, venue "is a procedural matter that is governed by federal rule and statutes," and "when a court is analyzing a forum selection clause, which changes the default venue rules applicable to the agreement, that court will apply federal law." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). More specifically, the Supreme Court has held that in a diversity jurisdiction case, "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause" because "a district court sitting in diversity must apply a federal statute that controls the issue before the court and that represents a valid exercise of Congress' constitutional powers." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 32 (1988).

Although arguably the federal standard set forth in *The Bremen* was substantially similar to the standard applied by the D.C. Superior Court in *Elbaum I*, the Supreme Court has since provided further guidance in *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas* ("*Atlantic Marine*"), 571 U.S. 49 (2013), in which it considered the proper mechanism and standard for enforcing a forum selection clause in a case brought in a federal district court pursuant to diversity jurisdiction. *Id.* at 59-64. In *Atlantic Marine*, the plaintiff, which was asserting a breach of contract claim, had argued that the court should enforce a forum selection clause that required the parties to litigate all disputes in the Circuit Court for the City of Norfolk, Virginia or in the United States District Court for the Eastern District of Virginia by dismissing the suit under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), the federal statute that allows courts to cure defects in venue. *Atlantic Marine*, 571 U.S. at 52-53. The Supreme Court held that dismissal was not proper pursuant to either provision, because Rule 12(b)(3) permits dismissal when venue is "wrong" or "improper," and § 1406(a) authorizes dismissal when the case is one "laying venue in the wrong division or district," but a

forum selection clause "does not render venue in a different court 'wrong' or 'improper.' " *Atlantic Marine*, 571 U.S. at 55, 59. Rather, the Court identified 28 U.S.C. § 1404(a), which allows a district court to transfer, "in the interest of justice," "any civil action to any other district or division where it might have been brought," as the appropriate mechanism to enforce a forum selection clause that names a different federal forum. *See Atlantic Marine*, 571 U.S. at 59. In such a case, dismissal is not warranted because through § 1404(a), "Congress has replaced the traditional remedy of outright dismissal with transfer." *Id.* at 60. To enforce a forum selection clause that points to a state or foreign forum, the doctrine of *forum non conveniens* governs, under which dismissal of a such a case is permitted. *Id.* at 60. Although *Atlantic Marine* did not address whether a party could utilize Rule 12(b)(6) as mechanism by which to secure dismissal based on a forum selection clause, the United States Court of Appeals for the Fourth Circuit previously held that Rule 12(b)(3), not Rule 12(b)(6), is the proper vehicle to seek dismissal for improper venue based on a forum selection clause. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).

Accordingly, the legal standard applicable to the issue of whether dismissal of Elbaum's present claims is required by the forum selection clause is different from the standard applied by the D.C. Superior Court in *Elbaum I*. Although the analysis on whether the forum selection clause is part of a valid contract and whether Elbaum and Google entered into the contract would not necessarily differ, the analysis on whether and how it is to be enforced requires consideration of different factors than applied by the D.C. Superior Court. Under *Atlantic Marine*, a federal court's analysis of this issue proceeds under 28 U.S.C. § 1404(a), which generally requires consideration of the plaintiff's choice of forum; private interests such as convenience to the parties and access to sources of proof; and the interest of justice. *Atlantic Marine*, 571 U.S. at 62-63; *Trs. of the*

*Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). When the moving party is seeking enforcement of a forum selection clause, however, the plaintiff's choice of forum and the parties' private interests relating to convenience carry no weight in a court's analysis, and the original venue's choice-of-law rules, which may include consideration of certain public-interest considerations, do not apply. *Atlantic Marine*, 571 U.S. at 63-64.

Even if these factors to be considered could be deemed to be sufficiently similar to those considered by the D.C. Superior Court as to present only "minor variations in the application of what is in essence the same legal standard," the standards are markedly different in one key respect. *B & B Hardware, Inc.*, 575 U.S. at 154. Under the standard applied by the D.C. Superior Court, Google could and did seek and receive dismissal of the case based on the forum selection clause. Under the standard applicable here, dismissal is not available even if this Court were to find that the forum selection clause should be enforced. *See Atlantic Marine*, 571 U.S. at 59; *Sucampo Pharms., Inc.*, 471 F.3d at 550. Because the legal standard for the enforceability of a forum selection clause as applied in *Elbaum I*, *Elbaum II*, and *Elbaum III*, is "fundamentally different," to the point that application of collateral estoppel would give Google a result that is otherwise unavailable in this forum, the Court concludes that the issue decided in the prior cases is not "identical" to the issue before this Court, as required for the application of collateral estoppel. *B & B Hardware, Inc.*, 575 U.S. at 154. Accordingly, the Court will not dismiss this case on the basis of collateral estoppel.

### III.  Forum Selection Clause

Google argues, in the alternative, that upon consideration of the enforceability of the forum selection clause, the Court should dismiss this case. As discussed above, an argument that the

forum selection clause identifying another federal forum should be enforced is analyzed under 28 U.S.C. § 1404(a). *See Atlantic Marine*, 571 U.S. at 59. First, there is no dispute that the Terms constituted a contractual agreement between Elbaum and Google and that the present dispute is covered by the language of the forum selection clause, which states that "all claims arising out of or relating to these terms . . . will be litigated exclusively in the state or federal courts of Santa Clara County, California." Terms § 12, Mot. Dismiss Ex. A.2, ECF No. 13-3. Under the plain language of the provision, the clause is mandatory and not permissive. *See BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 472 (4th Cir. 2018). Indeed, Elbaum has identified no basis to challenge the validity or applicability of the forum selection clause.

Under *Atlantic Marine*, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" absent "extraordinary circumstances unrelated to the convenience of the parties." *Atlantic Marine*, 571 U.S. at 62. A court is not to consider the plaintiff's choice or forum or private interests. *Id.* at 63-64. Rather, under *Atlantic Marine*, the Court "may consider arguments about public-interest factors only," which may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 62 n.6, 64 (quoting *Piper Aircraft Co. v. Reyno*, 454 U. S. 235, 241 & n.6 (1981)). Under such an analysis, "forum-selection clauses should control except in unusual cases." *Id.* at 64.

Elbaum's only arguments against the enforcement of the forum selection clause are that Google's selection of forum is "very unfair to small business owners who cannot afford to travel to California" and that "Google should be subject to jurisdiction in every state" because it "does

internet business in very state." Compl. at 6. These arguments, however, invoke issues of personal jurisdiction, which is separate from the issue of venue, and private interests, which, under *Atlantic Marine*, are not proper considerations on a motion to transfer venue based on a forum selection clause. *See Atlantic Marine*, 571 U.S. at 63-64. Elbaum has asserted no objections based on the applicable public interest considerations, and, in fact, one of these factors weighs in favor of transfer in that under the forum selection clause, California law applies to the present dispute, such that the interest of having a diversity case "in a forum that is at home with the law" favors transfer. *Id*. at 62 n.6. Elbaum also has failed to identify any "extraordinary circumstances" that could warrant deviation from the general requirement of enforcement of a forum selection clause. *Id*. at 62. Accordingly, the Court finds that the forum selection clause is enforceable under 28 U.S.C. § 1404(a) and *Atlantic Marine*.

However, for the reasons stated above, under *Atlantic Marine*, Google cannot secure dismissal under Rule 12(b)(3) and, because the forum selection clause identifies a federal forum, is instead limited to seeking transfer pursuant to 28 U.S.C. § 1404(a). *See Atlantic Marine*, 571 U.S. at 59. At no point has Google requested transfer as an alternative remedy. The Court therefore will deny the Motion to Dismiss as to the argument based on the forum selection clause.

### IV.   Remaining Arguments

Because Google has specifically sought the enforcement of the forum selection clause, the Court finds that, to allow for the enforcement of that clause and in the interests of judicial economy, it will deny the Motion as to the remaining arguments without prejudice. The Court will direct Google to file either a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), which would be summarily granted based on the above analysis or, if it chooses to waive the issue of venue going

forward, to file a renewed Motion to Dismiss in which it reasserts the merits arguments not yet addressed by the Court.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 13, will be DENIED as to the issues of collateral estoppel and venue and DENIED WITHOUT PREJUDICE as to the remaining arguments. A separate Order shall issue.

Date: March 28, 2024

THEODORE D. CHUANG
United States District Judge